■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN TURNER, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered November 3, 1989, convicting defendant after a jury trial of criminal possession of a controlled substance in the fourth degree, sentencing him to 3 to 6 years incarceration, unanimously affirmed.

While on uniformed patrol, at approximately 6:00 A.M. police officers heard a scream, made their way to a stairwell landing in a nearby apartment building, where they observed defendant and a female; when defendant made eye contact with them, he fled. When he was apprehended moments later, defendant took a swing at one of the officers, and was arrested. Defendant's hands were handcuffed behind his back, and a preliminary frisk for weapons was unproductive. A subsequent patdown outside of the building turned up glassine envelopes, which the police assumed explained defendant's flight. The search then was terminated, and defendant was transported to the precinct in the back of the patrol car, with his hands handcuffed behind his back. As defendant was helped out of the patrol car at the precinct, he was observed dropping a glassine envelope into the rear seat of the patrol car. The 107 vials found within this envelope ultimately tested positive for cocaine.

Viewing the evidence in a light most favorable to the People, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The jury clearly credited the testimony of the police officers. Although defendant challenges their credibility on appeal by questioning the failure to recover the contraband during previous patdowns, and noting that defendant's hands were cuffed behind his back in the patrol car, we find no basis to disturb the jury's conclusions. Nor do we find any basis to set aside the verdict as against the weight of the evidence. Concur —Murphy, P. J., Milonas, Ross and Rubin, JJ.